IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| TASNUVA SHAMSHER, | ) | |
|                       Debtor | ) | CASE NO. : 19-10909-mdc |
| | ) | |
| | ) | **HEARING DATE:** |
| CAPITAL ONE AUTO FINANCE, | ) | Thursday, January 7, 2020 |
| A DIVISION OF CAPITAL ONE, N.A., | ) | 10:30 a.m. |
|                       Movant | ) | |
| | ) | |
| vs. | ) | **LOCATION:** |
| | ) | U.S. Bankruptcy Court |
| TASNUVA SHAMSHER, Debtor | ) | Eastern District of Pennsylvania |
| and NOOR M. BYUIYAN, Codebtor | ) | Courtroom No. 2 |
|                       Respondents | ) | 900 Market Street |
| | ) | Philadelphia, PA 19107 |
| and | ) | |
| WILLIAM C. MILLER | ) | |
|                       Trustee | ) | |

## STIPULATION

COME NOW, this       day of             , 2020, *Tasnuva Shamsher*, through Debtor's attorney, *Kenneth E. West, Esquire*, and Capital One Auto Finance, a division of Capital One, N.A., ("COAF") by and through its attorneys, Mester & Schwartz, P.C., hereby stipulate the following terms of settlement of the Motion for Relief from Automatic Stay and Codebtor Stay:

WHEREAS the Debtors own a 2013 ACURA MDX Utility 4D Technology AWD, V.I.N. 2HNYD2H32DH507785 ("vehicle"); and

WHEREAS COAF filed a Motion for Relief ("Motion") with respect to missed post-petition payments; and

WHEREAS the Debtors have filed a Response to the Motion; and

WHEREAS the Debtors and COAF seek to resolve the Motion; it is hereby stipulated and agreed that:

1. The post-petition delinquency on this account is $5,758.94 through January 12, 2020, plus $306.00 in attorney's fees and costs.

2. The Debtors agree to pay $6,064.94 of the current arrears no later than January 31, 2020.

3. Thereafter, the Debtors shall remain current with regular monthly payments paid directly to the Movant starting with the regular monthly payment of $523.54 due on February 11, 2020, and all such future payments due on the 11th of each month thereafter.

4. If Debtors fail make to ongoing regular monthly payments or arrears payments and Debtors fail to cure said default within ten (10) days after notice by COAF (or its counsel) of said default, counsel for COAF may file a Certification of Default with the Court setting forth Debtors' default and COAF shall be granted relief from the automatic stay provisions of Sections 362 and 1301 of the Bankruptcy Code (11 U.S.C. §§ 362 & 1301), and COAF is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law without regard to any future conversion of this matter to a different form of bankruptcy. The Debtors shall be allowed to default and cure such default under this Stipulation one (1) time. Should the Debtors default a second (2nd) time, notice of the default will be served, but the Debtors will not be granted an opportunity to cure the default and COAF may file a Certification of Default.

5. In the event Debtors convert to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code, then Debtors shall pay all pre-petition arrears and post-petition arrears due and owing within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtors fail to make payment in accordance with this paragraph, then COAF, through counsel, may file a Certification of Default setting forth said failure and COAF shall be granted relief from the automatic stay provisions of Sections 362 and 1301 of the Bankruptcy Code (11 U.S.C. §§ 362 & 1301) and COAF is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law.

6. The failure by COAF, at any time, to issue a Notice of Default or file a Certification of Default upon default by the Debtors shall not be construed, nor shall such failure act, as a waiver of any of COAF's rights hereunder.

7. This Stipulation is a supplement and in addition to the Contract between the parties and not in lieu thereof.

8. Facsimile signatures shall be accorded the same force and effect as an original signature, and may be submitted to the Court.

BY THE COURT:

_____
Magdeline D. Coleman
U.S. BANKRUPTCY JUDGE

Post-Petition Arrears:    $ 5,758.94
Counsel Fees:    $ 306.00
*Total:*    *$6,064.94*

**Capital One Auto Finance,
a division of Capital One, N.A.**
By Counsel: Mester & Schwartz, P.C.

By: _____
Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1917 Brown Street
Philadelphia, PA 19130
(267) 909-9036

DATED: 1/24/20

Seen and agreed to -- We hereby consent to the form and entry of the foregoing Order.

**Debtor: Tasnuva Shamsher
Codebtor: Noor M. Byuiyan**

By Counsel for Debtor: Kenneth E. West, Esquire

By: _____
Kenneth E. West, Esquire
Douglass, West and Associates
830 Lansdowne Avenue
Drexel Hill, PA 19026
(610) 446-9000

DATED: 1/13/2020

Chapter 13 Trustee

By: /s/ William C. Miller
William C. Miller, Trustee
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 119105
(215) 627-1377

**NO OBJECTION**

*without prejudice to an
trustee rights or remedi..

Please send copies to:

Tasnuva Shamsher
384 Avon Road
Upper Darby, PA 19082

Noor M. Byuiyan
384 Avon Road
Upper Darby, PA 19082

Kenneth E. West, Esq.
Douglass, West and Associates
830 Lansdowne Avenue
Drexel Hill, PA 19026

William C. Miller, Trustee
P.O. Box 1229
Philadelphia, PA 19105

Office of the U.S. Trustee
200 Chestnut Street, Suite 502
Philadelphia, PA 19106

Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1917 Brown Street
Philadelphia, PA 19130